IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WILLIAM G. PARDUE, JR, | ) | |
| | ) | |
| Plaintiff, | ) | Docket Number: |
| | ) | |
| v. | ) | |
| | ) | Jury Demand |
| CONVERGYS CUSTOMER | ) | |
| MANAGEMENT GROUP, INC. | ) | |
| and CONVERGYS CORPORATION, | ) | Judges: |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now the Plaintiff, Bill Pardue (hereinafter, "Mr. Pardue"), and sues the Defendants, Convergys Customer Management Group, Inc. (hereinafter, "Defendant CCMGI") and Convergys Corporation (hereinafter, "Defendant CC")(hereinafter, collectively, "Defendants"), pursuant to the Americans with Disabilities Act and Rehabilitation Act (hereafter, "ADA"). As grounds for his lawsuit against Defendants, Mr. Pardue states the following:

**Parties**

1. Mr. Pardue is a resident of Chattanooga, Hamilton County, Tennessee.

2. Defendant CCMGI is a for-profit, Ohio corporation operating a call center business in Chattanooga, Hamilton County, Tennessee and can be served through its registered agent, C T Corporation System, at Suite 2021, 800 South Gay Street, Knoxville, Tennessee 37929-9710.

3. Defendant CC is a for-profit, Ohio corporation operating a call center business in Chattanooga, Hamilton County, Tennessee and can be served through its registered agent, C T Corporation System, at Suite 2021, 800 South Gay Street, Knoxville, Tennessee 37929-9710.

## Jurisdiction

4. This Court has subject matter jurisdiction of this action pursuant to the following provisions:

(a) 28 U.S.C. § 1331, which authorizes original jurisdiction on the district court of all civil actions arising under the Constitution, laws, or treaties of the United States;

(b) 28 U.S.C. § 1343(a)(3), which grants jurisdiction to the district court of any action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights; and

(c) 28 U.S.C. § 1367(a), which authorizes jurisdiction over state law claims that are so related to the other claims in this lawsuit that they form part of the same case and controversy.

5. This Court has personal jurisdiction of all defendants who are located in or reside within this district, where all of the events set out in the complaint transpired.

## Background and Relevant Statutes

6. Many of the facts alleged herein have also culminated in a Family Medical Leave Act, (hereafter, "FMLA"), suit initiated in this Court and bearing docket number 1:16-cv-00020. See FMLA Complaint attached hereto as Exhibit 1.

7. Mr. Pardue here alleges claims that have become ripe following a right to sue letter from the Equal Employment Opportunity Commission (hereafter, "EEOC"). See EEOC letter attached hereto as Exhibit 2.

8. The Americans with Disabilities Act and Rehabilitation Act both protect individuals who have a physical or mental impairment that substantially limits one or more of such person's major life activities, has a record of such impairment, or is regarded as having such an impairment. 42 U.S.C. § 12102(2); 29 U.S.C. § 705(20)(B).

9. Title I of the Americans with Disabilities Act prohibits entities covered by the statute from discriminating against a qualified individual with a disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other term conditions, and privileges of employment. 42 U.S.C. § 12112(a).

10. Under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, discrimination includes, among other things, the failure to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified employee unless the accommodation would pose an undue burden on the operation of the entity covered by the statute. 42 U.S.C. § 12112(b)(5)(A).

11. "Qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodations, can perform the essential functions of the job that one holds or desires. 42 U.S.C. § 12111(8).

12. Under Tenn. Code Ann. § 8-50-103, it is an unlawful discriminatory practice if an employer bars or discharges from employment or otherwise discriminates against an individual on the basis of a disability.

13. Under Tenn. Code Ann. § 8-50-103, "disability" means, among other things, a mental impairment that is demonstrable by medically accepted clinical diagnostic techniques.

**Facts**

14. Mr. Pardue began working as a full-time employee for Defendants on, or around, January 28, 2008 at Defendants' Chattanooga call center location, which is located at 5600 Brainerd Road, Unit 3, Chattanooga, Tennessee 37411 (hereinafter, "Chattanooga Operation").

15. Mr. Pardue worked for Defendants at the Chattanooga Operation until he was terminated on or around February 6, 2014.

16. In the 12-month period preceding February 6, 2014, Mr. Pardue had completed in excess of 1,250 hours of service for Defendants.

17. While Mr. Pardue worked for Defendants at the Chattanooga Operation, Defendant employed at least fifty employees at, or within 75 miles of, the Chattanooga Operation.

18. While Mr. Pardue worked for Defendants at the Chattanooga Operation, Defendant employed at least fifty employees at, or within 75 miles of, the Chattanooga Operation for each working day during twenty, or more, calendar weeks in the year of 2014, or in the year of 2013.

19. On June 8, 2012 Mr. Purdue's niece died.

20. Shortly thereafter, during his employment with Defendants, Mr. Pardue was diagnosed with psychological conditions, including depression.

21. Mr. Purdue had also lost over 200 lbs.

22. Mr. Pardue, therefore, had several serious health conditions as his psychological conditions required continuing treatment by his physician and other medical personnel.

23. Mr. Pardue's condition affects his sleep, ability to care for himself, and otherwise substantially limits one or more of Mr. Pardue's major life activities and was therefore a condition covered under the Americans with Disabilities Act.

24. Mr. Pardue is disabled as he suffers from a mental impairment that substantially limits one or more of the major life activities, such as sleep or caring for one's self, as described herein.

25. Mr. Pardue is otherwise qualified for the position with reasonable accommodation.

26. Defendants knew of, and acknowledged Mr. Pardue's diagnoses, and that said diagnoses constituted serious health conditions requiring intermittent leave.

27. During 2013 and 2014, Mr. Pardue intermittently took FMLA leave for his serious health conditions.

28. On or about April 5, 2013, Mr. Pardue was put on a performance improvement plan (hereinafter, "PIP").

29. In so doing, Mr. Pardue was unlawfully penalized for his condition and for taking intermittent leave.

30. Mr. Purdue nevertheless completed the PIP.

31. On or about Oct 1, 2013 Mr. Purdue was placed on a second PIP and threatened that non-completion may result in termination.

32. In so doing, Mr. Pardue was unlawfully penalized for his condition and for taking intermittent leave for a second time.

33. Mr. Purdue then underwent emergency surgery, requiring time off covered by FMLA, and returned to work shortly thereafter.

34. On or about October 15, 2013, Mr. Purdue spoke with Defendants and expressed his concerns over the PIP's unfairness in penalizing him for his condition and for his absence due to said condition.

35. On or around October 24, Mr. Purdue was mocked by Defendants for applying FMLA and told that Defendants may terminate him while on FMLA if he does not meet the goals of the PIP, even in his absence.

36. Mr. Purdue reported the above conversation to Defendants.

37. Mr. Pardue's psychological condition worsened as a result of the repeated discrimination and harassment described above and he began suffering from debilitating panic attacks.

38. Defendants further retaliated against Mr. Pardue by knowingly removing one or more high performers from his team and by forcing Mr. Pardue to retain one or more low performers on his team, which resulted in a lower than appropriate PIP score.

39. Defendants, moreover, improperly placed higher requirements on Mr. Pardue because of his condition.

40. Defendants, further, penalized Mr. Pardue for taking his approved FMLA leave as reflected in oral and written statements of Defendants' agents.

41. Defendants' unlawful actions and inactions resulted in Mr. Pardue being terminated by Defendants on or around February 6, 2014 in violation of the ADA.

42. Mr. Pardue's performance was improperly critiqued and points were assessed against him in violation of the ADA.

43. Placing Mr. Pardue on a PIP and continuing to improperly critique his performance while he was on the PIP constitute adverse employment actions in violation of the ADA.

44. Placing Mr. Pardue on a PIP and/or continuing to improperly critique and interfere with his performance violated the FMLA.

45. Placing Mr. Pardue on a PIP and/or continuing to improperly critique and interfere with his performance violated the ADA, which ultimately resulted in his termination, constitutes the causal connection between his exercise of rights guaranteed by the ADA and the adverse employment actions of placing him on a PIP and terminating his employment in violation of the ADA.

46. The Defendants knew, because they were repeatedly informed, of Mr. Pardue's disability.

47. Mr. Pardue engaged in activity protected under the ADA when he asked Defendants for reasonable accommodations for his disability as described herein.

48. There was a causal connection between the protected activity and the adverse action.

49. Defendants discriminated against Plaintiff because he opposed employer's unlawful adverse actions and refusal to accommodate him in violation of 42 U.S.C.S. § 12203(a).

50. As a result of his termination Plaintiff was unable to meet his financial obligations.

51. Mr. Pardue's inability to meet his financial obligations damaged Plaintiff's credit score, making it even more difficult to find work, and further damaging his mental health.

52. During his employment with Defendants, Defendants provided little to no accommodation to Mr. Pardue in light of his condition.

### Exhaustion of Administrative Remedies

53. In addition, Mr. Pardue filed a timely administrative complaint as required by Title I of the Americans with Disabilities Act.

54. On April 15, 2016, the EEOC issued a right to sue letter, giving Mr. Pardue 90 days to file a lawsuit.

### COUNT 1

55. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

56. By firing Mr. Pardue from his position after learning that he suffered from depression, Defendants violated 42 U.S.C. § 12112(a).

### COUNT 2

57. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

58. By putting Mr. Pardue on a PIP while he was absent from his position due to his known medical condition, Defendants violated 42 U.S.C. § 12112(a).

### COUNT 3

59. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

60. By mocking and threatening Mr. Pardue due to his known medical condition, Defendants violated 42 U.S.C. § 12112(a).

### COUNT 4

61. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

62. By knowingly removing one or more high performers from his team and by forcing Mr. Pardue to retain one or more low performers on his team, which resulted in a lower than appropriate PIP score, Defendants violated 42 U.S.C. § 12112(a).

## COUNT 5

63. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

64. By improperly placing higher requirements on Mr. Pardue because of his condition, Defendants violated 42 U.S.C. § 12112(a).

## COUNT 6

65. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

66. By making oral and written statements penalizing and improperly critiquing Mr. Pardue for taking his approved FMLA leave, Defendants violated 42 U.S.C. § 12112(a).

## COUNT 7

67. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

68. By making oral and written statements penalizing and improperly critiquing Mr. Pardue's performance for taking his approved FMLA leave, Defendants violated 42 U.S.C. § 12112(a).

## COUNT 8

69. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

70. By failing to provide Mr. Pardue with a reasonable accommodation that would have enabled him to continue working, Defendants violated 42 U.S.C. § 12112(b)(5)(A).

## COUNT 9

71. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

72. By failing to engage Mr. Pardue in an interactive process that would have facilitated the provision of a reasonable accommodation to him, defendant violated 42 U.S.C. § 12112(b).

## COUNT 10

73. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

74. By firing Mr. Pardue from his position after learning that he suffered from depression, Defendants violated Tenn. Code Ann. § 8-50-103.

## COUNT 11

75. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

76. By putting Mr. Pardue on a PIP while he was absent from his position due to his known medical condition, Defendants violated Tenn. Code Ann. § 8-50-103.

## COUNT 12

77. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

78. By mocking and threatening Mr. Pardue due to his known medical condition, Defendants violated Tenn. Code Ann. § 8-50-103.

## COUNT 13

79. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

80. By knowingly removing one or more high performers from his team and by forcing Mr. Pardue to retain one or more low performers on his team, which resulted in a lower than appropriate PIP score, Defendants violated Tenn. Code Ann. § 8-50-103.

## COUNT 14

81. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

82. By improperly placing higher requirements on Mr. Pardue because of his condition, Defendants violated Tenn. Code Ann. § 8-50-103.

## COUNT 15

83. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

84. By making oral and written statements penalizing and improperly critiquing Mr. Pardue for taking his approved FMLA leave, Defendants violated Tenn. Code Ann. § 8-50-103.

## COUNT 16

85. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

86. By making oral and written statements penalizing and improperly critiquing Mr. Pardue's performance for taking his approved FMLA leave, Defendants violated Tenn. Code Ann. § 8-50-103.

## COUNT 17

87. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

88. By failing to provide Mr. Pardue with a reasonable accommodation that would have enabled him to continue working, Defendants violated Tenn. Code Ann. § 8-50-103.

## COUNT 18

89. Mr. Pardue incorporates the previous paragraphs by this reference as if listed verbatim.

90. By failing to engage Mr. Pardue in an interactive process that would have facilitated the provision of a reasonable accommodation to him, Defendants violated Tenn. Code Ann. § 8-50-103.

## Prayer for Relief

Mr. Pardue prays that this Court empanel a jury and, upon a hearing on the merits, enter a judgment as follows:

A. A jury trial;

B. Compensatory damages in the amount of two hundred thousand dollars ($200,000.00);

C. Punitive damages in an amount to be determined at trial;

D. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 12205;

E. An award of plaintiff's costs and disbursements; and

F. Any other relief that this Court deems just and proper.

Dated: July 6, 2016

                                                   Berke, Berke & Berke

                                                   By: s/ A. Emma Flynn
                                                         Charles A. Flynn, BPR #30878
                                                         A. Emma Flynn, BPR#32582
                                                         420 Frazier Avenue
                                                         Post Office Box 4747
                                                         Chattanooga, Tennessee 37405
                                                         Telephone: (423) 266-5171
                                                         Facsimile: (423) 266-5307

                                               *Attorneys for William G. Pardue, Jr.*

Page **13** of **13**

Case 1:16-cv-00296-JRG-CHS   Document 1   Filed 07/06/16   Page 13 of 13   PageID #: 13